UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE: APPLICATION FOR SEARCH WARRANT FOR TWO CELLULAR PHONES | : | <u>ORDER</u> |
| | : | 26-MC-2965 |

-----------------------------------------------------------------x

CLAY H. KAMINSKY, United States Magistrate Judge:

The government moves for reconsideration of this Court's July 27, 2026 order denying its application for a warrant to search two cellular phones. The motion for reconsideration is denied.

The phones at issue were seized from two juveniles (the "Juveniles") without a warrant two-and-a-half years ago, in January 2024, and have not been searched since. The government finally applied for and obtained a search warrant on May 1, 2026 (the "May 1 Warrant"), but failed to execute it within 14 days. It then waited another 67 days before applying for a new warrant on July 21, 2026. I denied that warrant application but invited the government to present arguments regarding the Fourth Amendment reasonableness of the delay and the application of *United States v. Smith*, 967 F.3d 198 (2d Cir. 2020). Upon review of the government's revised warrant application and accompanying letter brief, I concluded that no warrant could be issued because the delayed search of the phones would be unreasonable and in violation of the Fourth Amendment under *Smith*.

The government submits that reconsideration is warranted because the May 1 Warrant "effectively terminated" the Juveniles' possessory interest in the phones and "there is no period of warrantless seizure to analyze." Gov't Mot. at 3. The government

cites *United States v. Daskal*, 676 F. Supp. 3d 154 (E.D.N.Y. 2023), which declined to conduct a *Smith* inquiry as to a federal search warrant issued while a state search warrant was operative. *Daskal*, 676 F. Supp. 3d at 174–75.[1] Alternatively, the government submits that the May 1 Warrant weighs decisively in favor of the government if a *Smith* analysis is conducted. Gov't Mot. at 4 (discussing the third *Smith* factor, whether the property owner has a reduced property interest).

Courts in this District apply the same standard to motions for reconsideration in criminal and civil cases. *See, e.g.*, *United States v. Kelly*, No. 19-CR-286 (AMD), 2021 WL 431030, at *1 (E.D.N.Y. Feb. 8, 2021). That standard is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a vehicle for relitigating old issues[ or] presenting the case under new theories . . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

The government's motion for reconsideration does not meet this strict standard. It does not identify any controlling precedent that the Court overlooked. *Daskal* is neither controlling nor contrary to this Court's analysis. The government's

[1] As the government acknowledges, *Daskal* did analyze the earlier state warrant under *Smith*; it found that unreasonable delay in obtaining that warrant violated the Fourth Amendment but that the good faith exception applied to bar suppression because *Smith* had not yet been decided when the delay took place. *Daskal*, 676 F. Supp. 3d at 169–70.

alternative argument under *Smith* merely seeks to relitigate old issues under new theories.

First, the issuance of the May 1 Warrant did not terminate the Juveniles' possessory interest; it merely authorized a search of their phones. The Juveniles retain their possessory interest unless and until a search reveals that the seized phones have evidentiary value to justify their retention by law enforcement. *See Smith*, 967 F.3d at 205, 209. "What, after all, is 'reasonable' about police seizing an individual's property on the ground that it potentially contains relevant evidence and then simply neglecting for months or years to search that property to determine whether it really does hold relevant evidence needed for trial or is totally irrelevant to the investigation and should be returned to its rightful owner?" *United States v. Christie*, 717 F.3d 1156, 1162 (10th Cir. 2013) (Gorsuch, J.); *Smith*, 967 F.3d at 206 (quoting same).

Second, the Court can consider law enforcement's delay in applying for a new warrant after a prior warrant expires. *In re Application for Search Warrant*, 527 F. Supp. 3d 179, 187 (D. Conn. 2020) (Merriam, then-M.J.) (conducting *Smith* inquiry where "the original warrant has expired"). *Daskal* is not to the contrary. *See Daskal*, 676 F. Supp. 3d at 171, 174 (declining to conduct *Smith* inquiry where a later-invalidated state search warrant was "operative" at the time of the federal warrant application and evidence had been obtained pursuant to the search authorized by the state warrant). Neither *Daskal* nor the government's arguments alter my conclusion that the 67-day delay between the expiration of the May 1 Warrant and the

government's July 21 warrant application violated the Fourth Amendment and precluded issuance of a new warrant.

Finally, the government's assertion that "there is no period of warrantless seizure to analyze," Gov't Mot. at 3, cannot be accepted in any event. The more-than-two years that elapsed between the seizure of the phones and the May 1 Warrant application is not immune from scrutiny. *See Smith*, 967 F.3d 198 (analyzing pre-warrant delay). The question before the Court is whether a search of the phones at this time would comport with the Fourth Amendment. The touchstone of the Fourth Amendment is reasonableness, and reasonableness is considered in the totality of the circumstances. *E.g.*, *Ohio v. Robinette*, 519 U.S. 33, 39 (1996). Thus, "[t]he reasonableness inquiry includes an assessment of the reasonableness of any delay. Delay is delay, and the effect on the *target* is the same, whatever or whoever causes that delay." *In re Application for Search Warrant*, 527 F. Supp. 3d at 183 (considering delay from time of state seizure through time of federal warrant application) (emphasis in original). Yet the government has made no attempt to justify the lengthy delay before any warrant was sought.

Accordingly, the motion for reconsideration is denied.

SO ORDERED.

/s/ Clay H. Kaminsky
CLAY H. KAMINSKY
United States Magistrate Judge

Dated: August 21, 2026
Brooklyn, New York