UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

**SEALED**

IN RE APPLICATION FOR SEARCH WARRANT

-----------------------------------------------------x

**MEMORANDUM & ORDER GRANTING SEARCH WARRANT APPLICATION**
26-MC-2965

PAMELA K. CHEN, United States District Judge:

The Government appeals the July 27, 2026 Order of the Honorable Clay H. Kaminsky, Magistrate Judge, denying the Government's application for a search warrant for two cellular phones. (Dkt. 7-1, at ECF[1] 101–12 (order denying search warrant).)[2] Relying primarily on the Second Circuit's decision in *United States v. Smith*, 967 F.3d 198 (2d Cir. 2020), Judge Kaminsky found that despite the existence of probable cause for the warrant, the Government's delay in seeking the search warrant violated the Fourth Amendment, and that the application therefore had to be denied. (*See id.* at ECF 1 (Government's appeal letter).) The Government sought reconsideration of that decision on August 10, 2026, (*Id.* at ECF 114–18 (Government's letter seeking reconsideration)), which Judge Kaminsky denied, (*id.* at ECF 120–23 (order denying reconsideration)). The Government then appealed Judge Kaminsky's decision on September 4, 2026. (*See generally* Dkt. 7.) For the reasons discussed herein, and based on its *de novo* review, the Court grants the search warrant application. [3]

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] Unless otherwise indicated, all filings to which the Court refers are sealed. This Memorandum and Order will be filed on a restricted basis to allow the Government **seven (7) days** to object to any portion they believe should remain restricted. If no such objections are timely filed, the Memorandum & Order will be made public in its entirety.

[3] The Government shall provide hard copies of the search warrants for endorsement by **5:00 p.m. on October 14, 2026**.

## BACKGROUND

### I. Factual and Procedural Background[4]

On April 24, 2026, the Government took possession of the two cellular phones at issue from state authorities. (Dkt. 7-1, at ECF 27 (affidavit in support of warrant application).) Approximately one week later, on May 1, 2026, the Government sought and obtained a search warrant for both cellphones ("May 1 Warrant"). (*See id.* at ECF 14.) That warrant was issued by the Honorable Lara K. Eshkenazi, Magistrate Judge. (*Id.* at ECF 40, 43–44 (signed warrant finding probable cause for the search).) The May 1 Warrant directed that the search was to take place within fourteen days, or by May 15, 2026. (*Id.* at 40.) However, as of May 15, 2026, due to "administrative delays," the Federal Bureau of Investigation's ("FBI") Computer Analysis and Response Team ("CART") had not searched the cellphones. (*Id.* at ECF 3 (Government's appeal letter).) CART advised the FBI Task Force Officer assigned to the investigation that, per CART's "internal policies," the Government would need to obtain a new search warrant because of the passage of the fourteen days authorized for the search under the May 1 Warrant. (*Id.*) Thereafter, "due, in part, to other law enforcement priorities, including ongoing investigations concerning threats from Iran," and the FBI Task Force Officer's two-day medical leave and one-day family emergency, the Government did not apply for the second search warrant until July 21, 2026. (*Id.*)

Judge Kaminsky denied the Government's July 21, 2026 application without prejudice the same day it was submitted, "but invited the Government to present arguments regarding the applicability of *Smith*." (*See id.* at ECF 3–4.) Two days later, the Government submitted a new warrant application and a letter brief arguing, in sum and substance, that (1) "the balancing test set

[4] The Court assumes the Government's familiarity with the procedural and factual background and recites only the relevant portions of that background.

forth in *Smith* cannot be applied *ex ante* at the search warrant application stage"; and (2) even if *Smith* can be applied, "standing had not been established to engage in a *Smith* inquiry." (*Id.* at ECF 4.) The Government also detailed the reasons for the delay in searching the cellphones after the May 1 Warrant was issued. (*Id.*)

On July 27, 2026, Judge Kaminsky denied the Government's application, finding, *inter alia*, that (1) *Smith* can be applied *ex ante* at the search warrant application phase; (2) standing is irrelevant and that the court was required to consider the Fourth Amendment rights of the cellphones' owners; and (3) applying the *Smith* factors, the Government's sixty-seven-day delay in seeking the second search warrant was unreasonable and thus violated the Fourth Amendment. (*Id.* at ECF 101–12 (order denying warrant).)

This appeal followed.

## DISCUSSION

### I. Standard of Review

As a threshold matter, the Court must determine the proper legal standard for a district court's review of a magistrate judge's decision denying the application for a search warrant. The Court agrees with the reasoning of *In re Search of Information Associated with [redacted]@gmail.com that is Stored at Premises Controlled by Google, Inc.*, No. 16-MJ-00757 (BAH), 2017 WL 3445634, at *3–5 (D.D.C. July 31, 2017), which supports finding that the proper standard of review here is *de novo*.[5] *See also In re Search of Twenty-Six (26) Digital Devices &*

[5] As that decision explained, the Federal Magistrates Act does not prescribe the standard of review. The Federal Magistrates Act distinguishes between two primary categories of matters that a district judge may refer to a magistrate judge. *In re Search of Info*, 2017 WL 3445634, at *3. Under 28 U.S.C. § 636(b)(1)(A), a district judge may refer to a magistrate judge for determination any pretrial matter, except for eight specified types of dispositive motions (1) for injunctive relief, (2) for judgment on the pleadings (3) for summary judgment; (4) to dismiss or quash an indictment or information by a defendant; (5) to suppress evidence in a criminal case; (6) to dismiss or permit maintenance of a class action; (7) to dismiss a claim for failure to state a claim;

*Mobile Device Extractions That Are Currently in the Possession of L. Enf't In Wash. D.C.*, No. 21-SW-233 (GMH), 2022 WL 998896, at *6 (D.D.C. Mar. 14, 2022) (applying *de novo* review to appeal of denial of a search warrant (citing *In re Search of Info*, 2017 WL 3445634, at *5)), *overruled in part on other grounds by Asinor v. D.C.*, 111 F.4th 1249 (D.C. Cir. 2024).

## II. The Warrant Application Should Be Granted

The Court does not address whether *Smith* should be applied *ex ante* at the warrant application stage because it concludes that, even if it does, the warrant application should be granted because an objectively reasonable officer would not have known in light of existing precedent that the delay violated the Fourth Amendment.[6]

### A. The *Smith* Factors

In *Smith*, the Second Circuit found, in the context of a motion to suppress evidence obtained via a search of the defendant's digital tablet, that law enforcement's 31-day delay after the

---

and (8) to involuntarily dismiss an action. Under 28 U.S.C. § 636(b)(1)(B), a district judge may refer a matter to a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to the court proposed findings of fact and recommendations for the disposition of the eight "excepted" dispositive motions. Neither 28 U.S.C. § 636(b)(1)(A) nor 28 U.S.C. § 636(b)(1)(B) appear to cover the authority of the magistrate to authorize a search warrant. *See in re Search of Info*, 2017 WL 3445634, at *4 (reaching this conclusion).

A magistrate judge's authority to review warrant applications appears to be an "additional dut[y]" that is "not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Federal Rule of Criminal Procedure ("Rule") 41 authorizes "a magistrate judge with authority in the district . . . to issue a warrant to search for and seize a person or property located within the district." Fed. R. Crim. P. 41(b)(1). Neither Rule 41 nor 28 U.S.C. § 636(b)(3) provides the relevant standard of review for such orders. *See in re Search of Info*, 2017 WL 3445634, at *4 (making this observation as to 28 U.S.C. § 636(b)(3)). However, courts within this Circuit have adopted a *de novo* standard of review for orders by magistrate judges falling under 28 U.S.C. § 636(b)(3), *see, e.g.*, *Yankee Bank for Fin. & Sav., FSB v. Task Assocs., Inc.*, 139 B.R. 71, 76–77 (N.D.N.Y. 1992); *Matter of Search of Info. Associated with E-Mail Accts.*, 468 F. Supp. 3d 556, 559 (E.D.N.Y. 2020), an approach that comports with the "majority of courts to consider the issue," *in re Search of Info*, 2017 WL 3445634, at *4 (collecting cases).

[6] To be clear, the Court assumes, without deciding, that *Smith* can be applied at the search warrant application phase.

defendant refused consent in applying for a search warrant for the tablet amounted to unreasonable interference with the defendant's "continuing possessory interest" in the device and thus violated the defendant's Fourth Amendment rights. 967 F.3d at 202–03, 205–13. The Circuit considered four factors as "relevant to deciding whether the delay was unreasonable": (1) "the length of the delay," (2) "the importance of the seized property to the defendant," (3) "whether the defendant had a reduced property interest in the seized item," and (4) "the strength of the [government's] justification for the delay." *Id.* at 203 (citation omitted).

### B. Assuming *Smith* Applies, the Government's 67-Day Delay Was Unreasonable But Does Not Justify Denying the Warrant

Rejecting the Government's argument that *Smith* could not be applied at the search warrant application phase, Judge Kaminsky applied *Smith* and its four-factor analysis to find that the Government's delay of sixty-seven days in seeking the second search warrant—calculated from the May 15, 2026 expiration of the first search warrant—violated the Fourth Amendment. (Dkt. 7-1, at ECF 102, 112 (order denying warrant).) Based on its *de novo* consideration of the *Smith* factors, the Court agrees with Judge Kaminsky that the 67-day delay between the expiration of the first search warrant on May 15, 2026 and the Government's filing of the second search warrant application on July 21, 2026 was unreasonable.[7]

[7] The Court's *Smith* analysis, however, deviates from Judge Kaminsky's as to the fourth factor, the "justification for the delay," *Smith*, 967 F.3d at 203 (citation omitted). In contrast to Judge Kaminsky, the Court does not find the Government's justification for the delay to be "obviously insufficient." (Dkt. 7-1, at ECF 111 (order denying warrant).) Rather, the Court finds that the Government's proffered justification about "other law enforcement priorities, including ongoing investigations concerning threats from Iran," (*Id.*, at ECF 3 (Government's appeal letter)), is not the same as "the general press of police business" that the Circuit found insufficient in *Smith*, 967 F.3d at 213. Nonetheless, even if this fourth factor does not weigh significantly against the Government, that does not change the overall balance of the *Smith* factors, which weighs in favor of finding that the delay was unreasonable based on the "clarified principles" enunciated in *Smith*, *id.*

However, as in *Smith* itself, the Court does not find that the unreasonableness of the delay justifies denial of the search warrant application because the Government would not have known or had reason to believe that the delay in seeking the second search warrant was unreasonable. *See Smith*, 967 F. 3d at 211–13 (declining to apply exclusionary rule despite finding that the delay was unreasonable); *accord United States v. Pierce*, No. 20-CR-0029-4 (RJA) (HKS), 2025 WL 676877, at *4 (W.D.N.Y. Mar. 4, 2025) (declining to decide if the *Smith* factors weighed in favor of a Fourth Amendment violation since the exclusionary rule did not apply). As the Second Circuit explained in *Smith*, "[a]lthough an objectively reasonable officer in [the assigned investigator's] position should have realized that by waiting a month [to seek a warrant] he was perilously near the constitutional line, we are not convinced that an objective reasonable officer would have known that the delay amounted to a violation of the Fourth Amendment." *Smith*, 967 F.3d at 212–13. While the delay here was longer than in *Smith*, there was no way for the Government to know that *Smith* would be applied to its search warrant *application*. Indeed, since the Circuit decided *Smith* in 2020, it appears that *Smith* has been applied only once in this Circuit at the *ex ante* stage, rather than in the context of a motion to suppress. (*See* Dkt. 7-1, at ECF 1-3 (Government's appeal letter (citing *In re Application for Search Warrant*, 527 F. Supp. 3d 179 (D. Conn. 2020))).) And certainly the *ex ante* application of *Smith* has not yet been approved by the Circuit. Even now, the Government has reason to believe that *Smith* does not apply to the timing of a search warrant application based on the legal arguments it has advanced in this matter. (*See id.* at ECF 7 (Government citing, *inter alia*, cases holding that mere physical seizure of the electronic devices constituted execution of the search warrant); *see generally* Gov't's Warrant Application Letter, Dkt. 3, at 4–5 (arguing that "if probable cause is shown, the magistrate judge must issue the warrant" (quoting Fed. R. Crim. P. 41(d) advisory committee notes to 1996 amendments)).)

Insofar as "*Smith* can [or should] be applied *ex ante* at the warrant application stage," (Dkt 7-1, at ECF 103 (order denying warrant)), to the question of reasonable delay, so too should its good faith reasoning. On that issue, the Circuit concluded in *Smith*:

> Even from this objective standpoint, we cannot say that a reasonably well-trained officer in [the subject officer's] position would have known that the month-long delay amounted to no less than a violation of [the defendant's] Fourth Amendment rights. . . . [T]he constitutional reasonableness of delay depends on the assessment and balancing of multiple factors. For better or worse, this is not an area of Fourth Amendment law that has reduced itself to bright-line rules.
>
> Not surprisingly, precedent ran both ways as of the date of the seizure of [the defendant's] tablet in this case. As we have already discussed, some of the rulings would have suggested to an officer in [the subject officer's] position that the 31-day delay in this case was too long. By contrast, other rulings pointed in a different direction—upholding delays of similar or even much longer duration. Although an objectively reasonable officer in [the subject officer's] position should have realized that by waiting a month he was perilously near the constitutional line, we are not convinced that an objectively reasonable officer would have known that the delay amounted to a violation of the Fourth Amendment.

967 F.3d at 212–13.

Here, the absence of any bright-line rule and the uncertainty of what constitutes an unreasonable delay with respect to seeking a search warrant was even greater because *Smith* had never (with one reported exception) been applied at the search warrant application phase in this Circuit. Furthermore, as in *Smith*, "the record does not show that [the Government] acted with a deliberate intent to violate [the cellphone owners'] rights or that it was reckless or grossly negligent for [the Government] to allow [67 days] to slip by before applying for [the second] search warrant." *See id.* at 212. Nor did the delay "afford the [Government] any strategic advantage in [the two indicted federal defendants'] case." *See id.* And "the record [does not] show systemic or recurring negligence by [the Government] or any of the investigative agencies involved in this case." *See id.* Hence, "[t]here would be no appreciable deterrent value achieved by ordering [denial of the warrant] in this case." *See id.*; *see United States v. Daskal*, 676 F. Supp. 3d 153, 169–70 (E.D.N.Y.

2023) (declining to exclude search evidence despite finding five-month delay in seeking search warrant unreasonable under *Smith*, and noting that, before *Smith*, courts "declined to apply the exclusionary rule even where the delay substantially exceeded one month," including cases involving delays of 108 days, three months, and 13 months).[8]

Therefore, notwithstanding the Government's delay in seeking the second search warrant, the Court finds that the Government acted in good faith, and therefore grants the Government's search warrant application for the two cellular phones.

## CONCLUSION

For the foregoing reasons, the Government's application for a search warrant for two cellular phones is granted. The Government will submit the search warrant for endorsement by October 13, 2026, at 5:00 p.m.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 9, 2026
Brooklyn, New York

[8] However, with Judge Kaminsky's decision, and now that of this Court, the Government is on notice of the possibility that a delay in seeking a search warrant might be found unreasonable under *Smith*, and the search warrant application could be denied.